**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | | |
|---|---|---|
| **ULTRA ATHLETE LLC,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE No.: 4:17-cv-237** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JALMAR ARAUJO, and** | ) | |
| **JB SPORTS, LLC dba/** | ) | **JURY TRIAL DEMANDED** |
| **FLEXIBRACE,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

1.     Plaintiff, Ultra Athlete, LLC ("UA"), an Indiana Limited Liability Company by and through its attorneys, hereby demands a jury trial and complains of the Defendants, JB Sports, LLC, a Massachusetts Limited Liability Company ("JB Sports"), and Mr. Jalmar C. Araujo, an individual residing in Massachusetts, d/b/a Flexibrace (collectively referred to as "Defendants" or "Flexibrace"), as follows:

## NATURE OF THE ACTION

3.     This is a complaint for willful violations of various state and federal unfair competition and intellectual property laws arising from Defendants' sales of products in contravention of UA's patent, trade dress and other rights and resulting in damages to UA.

4.     Specifically, this is a civil action for patent infringement, injunctive relief, and damages arising under the United States Patent Act, 35 U.S.C. §§ 1, et seq., to enjoin infringement and obtain damages resulting from Defendants' unauthorized and willful

manufacture, use, sale, offer to sell and/or importation into the United States for subsequent use or sale of articulating ankle brace products that infringe one of more claims of the following United States Patents: U.S. Pat. No. 6,749,578, (the "'578 Patent")(attached as Exhibit A) entitled "Ankle Brace With Cuff And Strap"; and U.S. Pat. No. D550,370, (the "D'370 Patent") (attached as Exhibit B) entitled "Ankle Brace Shell", collectively the "UA Patents" or "patents-in-suit." UA seeks injunctive relief to prevent Defendants from continuing to infringe the UA Patents. In addition, Plaintiff seeks to recover monetary damages resulting from Defendants' past infringement of the UA Patents.

5.       This action also seeks recovery of damages and other relief rising from Defendants' trade dress infringement and false and misleading representations in violation of the Trademark Act of 1946, 15 U.S.C. § 1125(a) and unfair competition under Indiana common law as well as under the Lanham Act. Plaintiff seeks to recover monetary damages resulting from Defendants' trade dress infringements and unfair competition violations in an amount exceeding the sum or value of $75,000.00, excluding interest and costs.

## THE PARTIES

6.       Plaintiff UA is a corporation organized and existing under the laws of Indiana, with a principal place of business located at 12800 N. Meridian Street, Suite 125, Carmel, Indiana, 46032, within the Southern District of Indiana.

7.       Plaintiff UA is the lawful assignee of all right, title and interest in and to the UA Patents, including rights to sue for acts of past and future infringement.

8.       Plaintiff UA was founded in 1999 and is based in Carmel, Indiana. The

company is an innovator in developing performance ankle brace products for ankle stability and injury prevention, and acute injury treatment and rehabilitation. UA serves athletes, volleyball teams, basketball and football players, and recreational sports enthusiasts, among others, throughout the United States and abroad. Specifically, and as it relates to the present action, UA manufactures, sells and distributes ankle brace products ("UA Products") covered by the UA Patents throughout the United States, including in Indiana and in this judicial district. Sales of UA Products occur both direct online (www.ultraankle.com) and through licensed distribution and retail channels.

9.      Plaintiff has extensively promoted and used its patented products and design for years in the United States and Indiana. Plaintiff has enjoyed significant sales of its products throughout the United States, including sales to customers in the state of Indiana. Plaintiff has for many years directly and through its authorized licensee sold throughout the United States ankle brace products covered by the UA Patents, and bearing UA's protected trade dress markings. Plaintiff has expended significant resources in designing, producing, marketing and advertising its products, and as a result of Plaintiff's substantial use, advertising, and sales of UA Products covered by its patents and comprising its trade dress, Plaintiff's trade dress has acquired valuable goodwill and secondary meaning in the marketplace.

10.      On information and belief, Defendant JB Sports, LLC ("JB Sports") has an address at 30 Chelsea Street, Suite 810, Everett, Massachusetts, 02149. JB Sports imports for wholesale distribution joint support products (including the offending ankle brace products) for distribution to retail stores and other outlets. Defendant, Mr. Araujo, is managing member

of JB Sports as well as its resident agent with an address at 30 Chelsea Street, Suite 810, Everett, Massachusetts, 02149. Individually and through JB Sports, Defendant Araujo operates under the business name Flexibrace ("Flexibrace").

11.     On information and belief, Defendant Araujo moved to the United States from Brazil and over the last sixteen years has imported a vast array of support wear products, including the offending ankle brace products, and has sold such imported products through, eBay, Amazon and other outlets to buyers around the world including Indiana and this judicial district. Defendant Araujo has grown his business into a multimillion-dollar enterprise.

12.     On information and belief, Flexibrace has and continues to market, offer to sell, and sell ankle brace products, including ankle brace products (e.g., "Flexibrace Ankle Brace Hinged Support Guard") that infringe the patents-in-suit, throughout the United States, including Indiana and in this district at least via its commercial website and eBay and Amazon websites.

## JURISDICTION AND VENUE

13.     This Court has jurisdiction over the subject matter of the present claims of trade dress infringement and other Lanham Act violations pursuant to 15 U.S.C. § 1121.  This Court has jurisdiction over the subject matter of this patent infringement claims pursuant to the United States Patent Act, 35 U.S.C. §§ 1, et seq., particularly including § 271 et seq., and pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court also has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 due to diversity of citizenship between the Plaintiffs and Defendants. This Court has supplemental jurisdiction over the

related state claims pursuant to 28 U.S.C. § 1367.

14.     Flexibrace is subject to personal jurisdiction in Indiana and requiring it to respond to this action will not violate due process. Flexibrace has committed acts of federal and state trade dress infringement as well as direct infringement, contributory infringement, and/or inducement of infringement, of one or more of the claims of each of the UA Patents resulting in injury in this judicial district and division. Defendant is subject to the personal jurisdiction of this Court and is amenable to service of process pursuant to Indiana's long-arm statute, Ind. R. Trial P. 4.4(A) and Fed. R. Civ. P. 4(e).

15.     Defendants are subject to personal jurisdiction in Indiana because it regularly transacts business in this State, offers products and services and/or contracts to supply services or goods to customers, business affiliates and partners located in the State and in this judicial district. Defendants have caused infringing products to be made and imported into the United States for offer for sale, sale, and/or delivery into and for use in this State thereby infringing UA's protected trade dress rights and infringing the UA Patents in this State and in this judicial district. Requiring Flexibrace to respond to this action will not violate due process.

16.     Venue lies in this district pursuant to 28 U.S.C. §§ 1391 and 1400 at least because Defendants are subject to personal jurisdiction in this district, have infringed UA's trade dress rights and the UA Patents in this district, and a substantial part of the events giving rise to the trade dress and patent infringement claims have taken place and are still taking place in this judicial district and with a regular and established place of business. Venue lies in this district pursuant to 28 U.S.C. § 1391 at least because Defendants are subject to personal jurisdiction in this district, have violated trade dress and unfair competition laws under the

Lanham Act as well as Indiana law.

17.     Upon information and belief, venue lies in this district for the further reasons that Flexibrace maintains regular business contacts and place of business within the district in that at least it maintains a storefront via the Amazon website and distributes infringing goods via Amazon's fulfillment center and/or distribution centers located in Indianapolis, Indiana, Jeffersontown, Indiana, and/or Whitestown, Indiana, all within this judicial district. The products that give rise to this action are marketed for sale and delivery and have been sold and delivered to purchasers within this judicial district.

## GENERAL ALLEGATIONS

18.     UA is the exclusive owner of all right, title, and interest in and to the UA Patents, which are valid and subsisting. The patents-in-suit are directed to ankle brace products for protecting athletes and other users from injury. The patented ankle brace product includes an articulating, hinged side support to provide free movement along one axis while helping prevent other unwanted movement. In addition, the patented ankle brace includes a tongue that extends under the user's foot to help keep the brace in good position and proper alignment when worn and used in physical activities.

19.     The '578 Patent was duly and legally issued on June 15, 2004.

20.     The D'370 Patent was duly and legally issued on September 4, 2007.

21.     UA has the legal right to enforce the patents-in-suit against all including Defendants.

22.     UA has spent considerable time, effort, and resources developing and promoting products embodying the inventions of the patents-in-suit. UA and/or its licensees have marked with one or more of the issued UA patent numbers commercial products covered by the claims of one or more of the patents-in-suit since no later than July of 2004.

23.     Separate and apart from the functional aspects of the UA Products patented in the '578 Patent, UA has invested substantial time, effort and financial resources developing and promoting non-functional design features included in the UA Products as evidenced in the issuance of the D'370 Patent related to the aesthetic nature of the design. This protected trade dress covers the look and feel of the UA Product and serves to identify UA and its authorized licensees as the source of high quality ankle brace products. UA's protected trade dress has acquired secondary meaning in the consuming public through long-term and widespread use of the trade dress in commerce.

24.     Without authorization, Defendants have copied protected functional and non-functional elements of UA's Products and in so doing have infringed the UA Patents and UA's protected trade dress causing harm and damages to UA and giving rise to confusion as to the source and origin of the goods to consumers. Defendants' misappropriation of UA's protected trade dress is intended to cause confusion and to cause consumers to mistakenly believe Defendants' products are provided or authorized by or associated with UA.

## DEFENDANTS' ACTS INFRINGE UA'S PATENTS AND OTHER INTELLETUAL PROPERTY RIGHTS

25.     Upon information and belief, Flexibrace makes, uses, imports, exports, distributes, sells and/or offers for sale products that directly infringe, contributorily infringe,

and/or induce others to infringe one or more claims of each of the UA Patents. The infringing products include, by way of example but not limitation, ankle brace products identified as "Flexibrace Ankle Brace Hinged Support Guard" referred to herein as the "HSG Product." One exemplary comparison of the infringing device made for or imported by Flexibrace and marketed and sold by Flexibrace in and across the U.S. is shown below alongside an exemplary figure from the '578 Patent.




UA '578 Patent - Figure 2          Exemplary Flexibrace HSG Product

26.    UA, by certified letter from counsel Kevin T. Duncan (signed receipt by Defendant Araujo dated July 6, 2017), placed Defendants on actual notice of, among other things, UA, the patents-in-suit, UA Products covered by the UA Patents, and Defendants' infringement of the patents-in-suit as well as UA's trade dress rights. Moreover, Defendants were placed on constructive notice of the UA Patents through UA's and its licensees' marking of ankle brace products with the UA Patents, this includes the McDavid product

copied by Defendants in making and marketing their infringing products.  Since June 2017, UA has had continuing communications, including letters, and electronic mail, with Defendants including through counsel for Defendant Araujo concerning the infringing activities.  Flexibrace has continued and expanded the infringing conduct uninterrupted since being place on notice by UA through formal correspondence and via marked products placed in commerce.

27.     Upon information and belief, Defendants have had ongoing and systematic contacts with Indiana and within this judicial district. Flexibrace knowingly copied UA's protected trade dress design and its HSG products bear UA's protected trade dress designs. Defendants have caused unauthorized and infringing products to be placed in the stream of commerce, knowing and expecting that such products would end up in this judicial district. Specifically, Defendants have taken orders originating in Indiana and in this District for infringing products and have sold infringing products for delivery into Indiana and this District and for delivery through its Amazon storefront and Amazon fulfillment centers located in Indiana and this judicial district.

## DEFENDANTS' INFRINGEMENTS IRREPARABLY HARM UA

28.     Defendants' infringements of UA's valuable patent and trade dress rights have irreparably harmed UA. Moreover, Defendants' unauthorized manufacture and/or importation of infringing goods incorporating Plaintiff's patented inventions and protected designs threatens the value of UA's valuable patent and trade dress rights. For example, Defendants' acts have diminished Plaintiff's lawful patent rights to exclude others from making, using, selling, offering to sell and/or importing the patented inventions.

29.     Defendants' disregard for UA's property rights similarly threatens Plaintiff's relationships with potential and existing customers and licensees of the UA Patents. Flexibrace has enjoyed and will derive a competitive advantage over Plaintiff's existing and potential licensees from using Plaintiff's patented technology and protected designs without paying compensation for such use. Accordingly, unless and until Defendants' acts of infringement are enjoined, Plaintiff will suffer irreparable harm for which there is no adequate remedy at law.

## COUNT I

(Infringement of United States Patent No. 6,749,578)

30.     Plaintiff hereby incorporates by reference paragraphs 1 through 29 as if fully restated herein.

31.     UA is the lawful owner of and continues to maintain all right, title and interest in and to the '578 Patent, including the right to sue thereon and the right to recover for infringement thereof.

32.     Flexibrace makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use products that infringe, directly and/or indirectly one or more of the claims of the '578 Patent.

33.     Flexibrace has been and continues infringing one or more of the claims of the '578 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using,

selling, offering to sell and importing the patented inventions.

34.     Defendants' infringement of the '578 Patent is knowing, willful and deliberate.

35.     UA is entitled to recover damages adequate to compensate UA for Defendants' infringement and is entitled to injunctive relief against Defendants to restrain them from further acts of infringement.

## COUNT II

(Infringement of United States Patent No. D550,370)

36.     Plaintiff hereby incorporates by reference paragraphs 1 through 35 as if fully restated herein.

37.     UA is the lawful owner of and continues to maintain all right, title and interest in and to the D'370 Patent, including the right to sue thereon and the right to recover for infringement thereof.

38.     Flexibrace makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use products that infringe, directly and/or indirectly one or more of the claims of the D'370 Patent. A comparison of the HSG Product with the ornamental design illustrated in the D'370 Patent confirm infringement.

39.     The following is a comparison of a side view of the HSG Product (right) and the D'370 design (Fig. 3) (left):



40.     The following is a comparison of the top down view into the stirrup of the

HSG Product (left – with upper portion spread wide to facilitate view) and the D'370

design (Fig. 6) (right):



41.     The following is a comparison of side perspective views of the HSG Product

(left) and the D'370 design (Fig. 1) (right):

 

42.     The similarity between the HSG Product and the ornamental design of the D'370 patent and associated UA product is unmistakable and striking and can only be the result of intentional copying as the design elements serve no functional purpose.

43.     Flexibrace has been and continues to infringe the D'370 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing products incorporating the patented design.

44.     Defendants' infringement of the D'370 Patent is knowing, willful and deliberate.

45.     UA is entitled to recover damages adequate to compensate UA for Defendants' infringement and is entitled to injunctive relief against Defendants to restrain them from further acts of infringement.

## COUNT III

(Lanham Act Violation – Trade Dress Infringement)

46.     Plaintiff hereby incorporates by reference paragraphs 1 through 45 as if fully restated herein.

47.     Defendants unauthorized use and misappropriation of UA's patented designs and trade dress as well as unauthorized reproduction and emulation of images of UA Products are intended to cause confusion, mistake or to deceive consumers as to the source of origin of their products in violation of 15 U.S.C. §1125(a)(1)(A). Defendants, through their improper actions, are likely to cause members of the public who search for UA genuine and licensed products to believe that the goods imported by Defendants and offered for sale and sold in the United States have an affiliation, connection, association, origin, or sponsorship with UA.

48.     Moreover, UA Products have achieved a large measure of success and are widely recognized in the U.S. Through years of sales and marketing, UA has developed enforceable trade dress rights in its products, specifically including its ankle brace product as shown below beside the virtually indistinguishable infringing HSG Product.



49.     The non-functional design elements of the UA Product follow directly from the D'370 Patent. For the same reasons as discussed hereinabove in connection with Defendants' infringement of the D'370 patent, Defendants' clearly copied UA's protected non-functional design elements in using such non-functional elements in the HSG Product.

50.     The protectable trade dress elements include at least the shape and design of the plastic panels of the ankle brace, the shape, design, and position of the indentations and markings on the exterior of the ankle brace, and the shape, design, and position of the indentations and markings on the interior of the ankle brace, all of which comprise non-functional design elements and serve as an indication of source.

51.     Again, the similarities between the HSG Product and the ornamental design of the D'370 patent and associated UA product are unmistakable and striking and can only be the result of intentional copying as the design elements serve no functional purpose.

52.     In addition to copying both functional and non-functional aspects of UA's UltraAnkle products, Defendants have also taken unauthorized copies of photographic images of authorized UA Products and, after doctored them to remove original indicia of

legitimate source, pass them off to consumers as if images of Defendants' products.

Specifically, the images used by Defendants to advertise the HSG Product on eBay and

Amazon are not images of that product but rather are unauthorized, manipulated images of

UA's private label customer McDavid Inc. ("McDavid"). The images used by Flexibrace

are photomanipulations of the original McDavid image wherein Flexibrace has removed the

McDavid and UA markings from the image. A side-by-side comparison of an original

image McDavid used with a licensed UA Product (left) and of an unauthorized Flexibrace

image used on eBay (right) are provided below:

 

53.     The above-images are identical except for the changes made by Defendants

in an effort to pass off their products to consumers as authorized UA Products. Defendants'

unauthorized use of the McDavid private label product image shows that Defendants were

clearly aware of the UA Product and, by included patent markings, that the product was

subject to and protected by the UA Patents.

54.     A close inspection of the images used by Defendants shows the exact outline

of the triangular shaped McDavid label, and shows other evidence of a photomanipulation

of the McDavid product image.

55.     UA's ankle brace product, such as the licensed McDavid product, includes design elements that are primarily non-functional and are inherently distinctive and consumers identify and associate the fanciful embellishments with UA's brand and as the source of the goods. Through years of sales and marketing UA's ankle brace product has acquired secondary meaning. Moreover, the D'370 patent, which comprises the design of UA's ankle brace product, has been published for public access since at least September 4, 2007, and Defendants have therefore been aware of or on constructive notice of Plaintiff's unique and non-functional design since at least this date.  When viewed side by side, Defendants' HSG Product incorporates design elements that are confusingly similar to UA's protected trade dress and, if unabated, Defendants' sales of HSG Products will lead to further confusion in the marketplace.

56.     Defendants will continue the aforesaid acts unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from this confusion in the consuming public.

57.     Defendants' conduct is willful and deliberate and with knowledge of UA's genuine products and the likelihood of confusion likely to result from its actions.

58.     UA is entitled to recover damages adequate to compensate UA for Defendants' improper conduct and is entitled to injunctive relief against Defendants to restrain them from further acts of trade dress infringement.

## COUNT IV

(Lanham Act Violation – Unfair Competition)

59.     Plaintiff hereby incorporates by reference paragraphs 1 through 58 as if fully restated herein.

60.     Flexibrace makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use products in a manner that amounts to unfair competition under 15 U.S.C. §1125(a)(1)(A).  Defendants have violated this statute due to its unfair methods of competition and unfair or deceptive acts or practices in the conduct of its trade or commerce.

61.     Plaintiff has protectable trade dress in the design of its UA ankle brace product. The trade dress in the design of the UA ankle brace product is protectable as the design, as evidenced by the D'370 Patent, does not serve a functional purpose. The unique design the UA ankle brace product also serves as an indication of Plaintiff as the source of the product. Plaintiff's trade dress has acquired secondary meaning in commerce because of Plaintiff's extensive efforts in marketing and selling products bearing said trade dress.

62.     The actions of Flexibrace have or are likely to cause consumer confusion and consumers have been or are likely to be deceived as to the source or authenticity of Defendants' products as a direct result of Defendants' direct copying of Plaintiff's protectable trade dress.

63.     Flexibrace has been and will continue to violate the Lanham Act's unfair competition laws through the aforesaid acts, and will continue to do so unless enjoined by

this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm and injury including monetary damages.

64.     Defendants' violation of the unfair competition law is knowing, willful and deliberate or at the very least grossly negligent.

65.     UA is entitled to recover damages adequate to compensate UA for Defendants' violation of the Lanham Act's unfair competition laws and is entitled to injunctive relief against Defendants to restrain them from further acts of unfair competition.

## COUNT V

(Unfair Competition - Indiana)

66.     Plaintiff hereby incorporates by reference paragraphs 1 through 65 as if fully restated herein.

67.     Defendant makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use products in a manner that amounts to unfair competition under Indiana law including the common law of unfair competition and unjust enrichment. Defendants have violated Indiana's unfair competition laws due to their unfair methods of competition and unfair or deceptive acts or practices in the conduct of its trade or commerce and misappropriation of UA's trade dress and attempt to trade on the goodwill UA has established in the UA Products.

68.     Plaintiff has protectable trade dress in the design of its UA ankle brace product. The trade dress in the design of the UA ankle brace product is protectable as the design elements, as evidenced by the D'370 Patent, are non-functional. The unique design

of the UA ankle brace product also serves as an indication of Plaintiff as the source of the

product. Plaintiff's trade dress has acquired secondary meaning in commerce because of

Plaintiff's extensive efforts in marketing and selling products bearing said trade dress.

69.     The unauthorized actions of Defendants have or are likely to cause consumer

confusion and consumers have been or are likely to be deceived as to the source or

authenticity of Defendants' products as a direct result of Defendants' direct copying of

Plaintiff's protectable trade dress.

70.     Defendants have been and will continue to violate Indiana's unfair

competition laws through the aforesaid acts, and will continue to do so unless enjoined by

this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm

and injury including monetary damages.

71.     Defendants' violation of Indiana unfair competition law is knowing, willful

and deliberate or at the very least grossly negligent.

72.     UA is entitled to recover damages adequate to compensate UA for

Defendants' violation of Indiana's unfair competition law as well as injunctive relief to

prevent further acts of unfair competition and misappropriation of UA's common law

rights.

### COUNT VI

(Willful Infringement of the UA Patents)

73.     Plaintiff hereby incorporates by reference paragraphs 1 through 72 as if fully

restated herein.

74.    Defendants have had actual or at least constructive knowledge of one or more of the patents-in-suit since no later than 2004, prior to which time (beginning July of 2004) UA and its licensees have continuously marked their respective commercial products covered by the UA Patents pursuant to 35 U.S.C. §287(a).  Defendants have had actual knowledge of the patents-in-suit since no later than July 6, 2017.

75.    Defendants' past and continuing infringement with actual knowledge of and in conscious and reckless disregard of the patents-in-suit is willful and deliberate under 35 U.S.C. §284 and at least for the reasons stated herein makes this an exceptional case under 35 U.S.C. §285.

76.    UA is entitled to enhanced damages and reasonable attorney fees adequate to compensate for Defendants' willful infringement and other conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows and for the following relief:

(A)    That this Court adjudge and decree that the '578 Patent is valid and enforceable against Defendants;

(B)    That this Court adjudge and decree that the D'370 Patent is valid and enforceable against Defendants;

(C)    That Defendants be held to have infringed each of the UA Patents;

(D)    That Defendants and any subsidiaries, affiliates, parents, successors, assigns,

officers, agents, servants, employees, attorneys, and all persons acting in concert or in participation therewith, be temporarily and preliminarily enjoined during the pendency of this action, and permanently enjoined thereafter from infringing, contributing to the infringement of, and inducing infringement of the patent-in-suit, and specifically from directly or indirectly making, using, selling, importing or offering for sale, any products embodying the inventions of the patents-in-suit during the life of the claims of the patents-in-suit, without the express written authority of Plaintiff;

(E)    That Defendants be directed to give a full accounting, including post-verdict accounting, to determine an award to fully compensate UA for all damages attributable to Defendants' infringement of the patents-in-suit in an amount consistent with proof at trial for UA's lost profits, to disgorge Defendants of their illegally obtained profits, and in no event less than a reasonable royalty;

(F)    That this Court adjudge and decree that Plaintiff has protectable trade dress in the design of the UA ankle brace product;

(G)    That Defendants engaged in unfair competition under Indiana law and under the Lanham Act by Defendants' deceptive actions in selling products likely to be confused with those of Plaintiff;

(H)    That Defendants' be held to have infringed on Plaintiff's trade dress under the Lanham Act by the sale of Defendants' products in commerce;

(I)    That this case be deemed exceptional and that Plaintiff be awarded reasonable attorney's fees in accordance with 35 U.S.C. §285 and other applicable state

and federal law;

(J)     That Defendants' infringement be found to be willful and that all damages awarded be enhanced to three-fold in accordance with 35 U.S.C. §284 and other applicable state and federal law;

(K)     That Defendants be ordered to deliver to Plaintiff, for destruction at Plaintiff's option, any and all molds and other machines or devices fabricated for manufacture of the infringing products and all products that infringe the patents-in-suit;

(L)     That Defendants be required to account for all gains, profits, advantages, and unjust enrichment derived from its violations of law, including for trade dress infringement and unfair competition violations under the Lanham Act and Indiana law;

(M)     That this Court assess pre-judgment and post-judgment interests and costs against Defendants, together with an award of such interest and costs, including in accordance with 35 U.S.C. §284 and other applicable state and federal law;

 and

(N)     That Plaintiff have such other, further, and different relief as this Court deems proper under the circumstances.

## DEMAND FOR JURY TRIAL

UA demands a trial by jury of all matters to which it is entitled to trial by jury pursuant

to Fed. R. Civ. P. 38 and otherwise so entitled.

Respectfully submitted,
DUNCAN GALLOWAY EGAN
GREENWALD, PLLC

Dated: December 27, 2017

s/Kevin T. Duncan
**Kevin T. Duncan**
(kduncan@dgeglaw.com)
**DUNCAN GALLOWAY EGAN
GREENWALD** PLLC
9750 Ormsby Station Road, Ste 210
Louisville, Kentucky 40223
Tel.: 502-614-6970
Fax: 502-614-6980

Attorneys for Plaintiff
**ULTRA ATHLETE, LLC**