UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| ULTRA ATHLETE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:17-cv-00237-RLY-DML |
| | ) | |
| JALMAR ARAUJO, | ) | |
| JB SPORTS, LLC | ) | |
| d/b/a FLEXIBRACE, | ) | |
| JOHN DOE MANUFACTURER(S), | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, IMPROPER VENUE OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**

Plaintiff, Ultra Athlete LLC, owns patents that cover the functional and design aspects of an ankle brace product. Plaintiff alleges the Defendants, Jalmar Araujo and JB Sports, LLC d/b/a Flexibrace, sell the "Flexibrace Ankle Brace Hinged Support Guard" which infringes its patents and trade dress. Defendants move to dismiss Plaintiff's Complaint on three grounds: lack of personal jurisdiction, failure to state a claim, and improper venue. In the alternative, they move for a more definite statement. For the reasons explained below, Defendants' motion is **GRANTED in part** and **DENIED in part**.

I.   Background

JB Sports' principal place of business is in Everett, Massachusetts. (Filing No. 33-2, Amended Declaration of Jalmar Araujo ("Am. Araujo Decl.") ¶ 10). Mr. Araujo, the

owner and principal officer of JB Sports, testified that between May 2016 and May 2018, JB Sports sold 18[1] infringing ankle brace products to Indiana residents. (Filing No. 47-1, Deposition of Jalmar Araujo at 53). Defendants allegedly sold these products on eBay, Amazon.com, and other outlets. (Filing No. 25, First Amended Complaint ("Am. Compl.") ¶ 10; Filing No. 25-5, Araujo-Flexibrace eBay Seller's Page).

Plaintiff, a resident of Indiana, brought suit against Defendants because the Defendants' Flexibrace product allegedly infringes Plaintiff's patents and trade dress rights, and amounts to unfair competition. (Am. Compl. ¶¶ 3, 8, 14).

## II. Motion to Dismiss for Lack of Personal Jurisdiction

When "[a] defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). As such, a plaintiff need only make a prima facie showing of jurisdictional facts. *See Felland v. Clifton*, 682 F.3d 655, 672 (7th Cir. 2012). "In evaluating whether the prima facie standard has been satisfied, the plaintiff 'is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record.'" *Purdue Research*, 338 F.3d at 782 (quoting *Nelson by Carson v. Park Indus., Inc.*, 717 F.2d 1120, 1123 (7th Cir. 1983)).

Since Plaintiff brought claims under the Lanham Act, which does not authorize nationwide service of process, a federal district court has personal jurisdiction over a non-

---

[1] Two sales were shipments to Plaintiff for purposes of this litigation and one was to Defendants' lawyer. (Araujo Dep. at 57).

2

resident defendant if a court of the state in which it sits would have such jurisdiction. *Id.* at 779. In Indiana, personal jurisdiction depends on whether the requirements of the state's long-arm statute are met and whether federal due process requirements are satisfied. *Id.* Indiana Trial Rule 4.4(A) serves as Indiana's long-arm statute. Because Indiana's long-arm statute expands personal jurisdiction to the full extent permitted by the Due Process Clause, *LinkAmerica Corp. v. Albert*, 857 N.E.2d 961, 966-67 (Ind. 2006), the sole inquiry before the court is whether exercising personal jurisdiction over the Defendants would offend due process.

Personal jurisdiction over a nonresident defendant meets the standard of due process when the defendant has established minimum contacts within the state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Tamburo v. Dworkin*, 601 F.3d 693, 700-01 (7th Cir. 2010) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Personal jurisdiction may be either general or specific. The parties focus their arguments on specific, rather than general, jurisdiction. Specific jurisdiction is appropriate when: (1) "the defendant has purposefully directed its activities at the forum state or purposefully availed himself of the privilege of conducting business in that state"; (2) "the alleged injury arises out of the defendant's forum-related activities"; and (3) "[t]he exercise of jurisdiction [] comport[s] with traditional notions of fair play and substantial justice." *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014) (citing *Tamburo*, 601 F.2d at 702).

Defendants argue the court does not have specific jurisdiction over them because they have not purposely directed their activities at Indiana, Plaintiff's alleged injuries did

3

not arise from Defendants' Indiana-related activities, and the exercise of jurisdiction over them would not comport with traditional notions of fair play and substantial justice.

To establish a defendant's conduct was purposefully directed at the forum state, a plaintiff must show that "the defendant's suit-related conduct . . . create[s] a substantial connection with the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). The *Walden* Court emphasized that "the plaintiff cannot be the only link between the defendant and the forum"; "it is the defendant's conduct that must form the necessary connection with the forum State." *Id*. at 1122 (citing *Burger King v. Rudzewicz*, 471 U.S. 462, 478 (1985)).

The Seventh Circuit's decision in *Illinois v. Hemi Group LLC* is instructive. 622 F.3d 754 (7th Cir. 2010). Hemi, based out of New Mexico, sold cigarettes over the internet to 49 states, specifically excluding New York. *Id*. at 755-56. The only specific sales to an Illinois resident were instigated by an Illinois Department of Revenue agent, who purchased more than 300 packs of cigarettes from Hemi-operated websites in 2005 and 2007. *Id*. at 755. Despite the fact that Hemi was "not registered to do business in Illinois, [did] not have any offices or employees in Illinois, [did] not bank in Illinois, . . . [had] not advertised in print media in Illinois," and did not "single out Illinois residents on any of its websites," the Seventh Circuit affirmed the district court's exercise of specific jurisdiction over Hemi. *Id*. at 756-58. The Seventh Circuit based its decision on how Hemi conducted its internet-based business.

> Hemi created several commercial, interactive websites through which customers could purchase cigarettes from Hemi. Hemi held itself out as open to do business with every state (including Illinois) except New York. After

4

>the customers made their purchases online, Hemi shipped the cigarettes to
>their various destinations. It is Hemi reaching out to residents of Illinois, and
>not the residents reaching back, that creates the sufficient minimum contacts
>with Illinois that justify exercising personal jurisdiction over Hemi in Illinois.

*Id.* at 758. Thus, where an internet company holds itself out as open to do business with a forum state and actually does sell products to residents of the forum, specific jurisdiction is proper. *Payton v. Kale Realty, LLC*, Case No. 13 C 8002, 2014 U.S. Dist. LEXIS 118590, at *8 (N.D. Ill. Aug. 26, 2014) (citation omitted).

Like the defendant in *Hemi Group*, Factory Direct operates internet retail stores for the promotion and sale of its Flexibrace product on interactive websites like Amazon.com and eBay.com. Defendants hold themselves out as open to do business with every state and directly ship the items sold from various internet websites to customers in Indiana. Defendants were therefore "ready and willing" to do business with [Indiana] residents," and reached into Indiana by directly selling[2] its Flexibrace product to Indiana customers. *Hemi Group*, 622 F.3d at 758.

Notwithstanding its sales to Indiana residents, Defendants contend these sales were so minimal as to counsel against a finding of purposeful-directed activity. Contrary to Defendants' assertion, the actual number of sales to the forum state is not

---

[2] Defendants' reliance on *Bell v. Kirchner*, Case No. 1:13-cv-12-TWP-DKL, 2014 WL 900923, at *3 (S.D. Ind. March 7, 2014) is misplaced. The website at issue in *Bell* was an online forum where anyone could register, write and respond to posts, and upload pictures. *Id.* at *1. In finding the owner of the website was not subject to personal jurisdiction in Indiana, the district court reasoned that the owner did not target Indiana as there was "no indication of advertising, revenue, or any interaction between [the owner] and the Indiana market." *Id.* at 3. Here, Defendants advertise the Flexibrace product for sale on interactive nationwide websites that reach Indiana customers and obtain revenue from those sales in Indiana.

5

determinative.  For example, in *Hemi Group*, the Seventh Circuit found specific personal jurisdiction even though the defendant sold approximately 300 packs of cigarettes over a two-year period.  *Id*. at 755, 758.  And in *Valtech, LLC v. 18th Ave. Toys, Ltd.*, the district court found specific personal jurisdiction even though the defendants/accused infringers' internet sales to the forum state were "very minimal in comparison to overall sales."  No. 14 C 134, 2015 U.S. Dist. LEXIS 17138, at *11 (N.D. Ill. Feb. 12, 2015).  The district court reasoned that defendants "sold (and sometimes shipped) their infringing products to Illinois residents with the knowledge that Valtech would be injured in Illinois, satisfying the factors outlined in *Calder* [*v. Jones*, 465 U.S. 783 (1984)]."  *Id*. (citing *Tamburo*, 601 F.3d at 703).  Thus, although the defendants' sales to Illinois were *de minimus*, "these sales to Illinois still occurred, each resulting in an intentional tort."  *Id*.  This reasoning applies with equal force here.

In addition, the court finds that exercising jurisdiction over Defendants comports with traditional notions of fair play and substantial justice.  *See Int'l Shoe Co.*, 326 U.S. at 316.  Defendants set up an expansive internet presence for the purpose of selling their Flexibrace ankle brace product to consumers nationwide, which includes Indiana.  Although Defendants may be burdened by litigation in Indiana, Indiana has a strong interest in providing Indiana businesses like Plaintiff with a forum in which to seek relief.

Plaintiff has satisfied its burden of establishing a prima facie case of personal jurisdiction over Defendants.  Consequently, Defendants' motion to dismiss for lack of personal jurisdiction is **DENIED**.

**III.     Motion to Dismiss for Lack of Venue**

Defendants move to dismiss Plaintiff's patent infringement claims (Counts I, II, and VII) for improper venue under Federal Rule of Civil Procedure 12(b)(3). The patent venue statute, 28 U.S.C. § 1400(b) states:

> Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

Plaintiff argues Defendants waived the defense by failing to raise it in their first Rule 12 motion. Rule 12(g) requires a defendant to raise all defenses under Rule 12(b)(2)-(5) at one time, under penalty of waiver. Fed. R. Civ. P. 12(g). Rule 12(h)(1) provides that a defense of improper venue, among others, is waived if omitted from a motion described in Rule 12(g).

Defendants' first motion to dismiss moved for dismissal of Plaintiff's claims based on lack of personal jurisdiction and failure to state a claim upon which relief can be granted. It did not challenge venue. However, Defendants' first motion to dismiss was never ruled upon by the court. Instead, Plaintiff responded by filing a motion for leave to file a First Amended Complaint. The court granted the same and denied the first motion to dismiss as moot.

The cases cited by Plaintiff are distinguishable from the facts of this case. For example, in *About U.S. Real Estate, Inc. v. Burnley*, the court found defendants waived their venue defense when they tried to assert improper venue in their second motion to dismiss because they did not raise it in their first motion to dismiss upon which the court had already ruled. No. 14 C 04471, 2015 WL 3397025, at *2 (N.D. Ill. May 26, 2015).

7

Here, the court did not rule on the merits of the first motion to dismiss because it denied the motion as moot. In *Johnson v. United Airlines, Inc.*, the court found the defendant waived its venue defense as to its second motion to dismiss because defendant admitted venue was appropriate in its initial answer. 12 C 5842, 2013 WL 323404, at *1-2 (N.D. Ill. 2013). Here, Defendants have not filed any answers. And in *Aero Techs., LLC v. Lockton Cos. Int'l Ltd.*, the defendant did not pursue an improper venue defense, but the district court considered the propriety of venue *sua sponte*. 406 Fed. App'x 440, at *1-2 (11th Cir. 2010). The Eleventh Circuit reversed, holding that defendant "made a purposeful election not to pursue the improper venue defense," and that it was error for the court "to step in and negate a defendant's decision to waive venue." *Id.* at 441.

Accordingly, the court finds Defendants have not waived venue pursuant to Rule 12(h)(1). As waiver was the only argument advanced by Plaintiff, Defendants' motion to dismiss Counts I, II, and VII for lack of venue is **GRANTED**.

## IV. Motion to Dismiss for Failure to State a Claim

Defendants also move to dismiss Plaintiff's claims. The court limits its analysis to the remaining Lanham Act trade dress and unfair competition claims.

Defendants bring their Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), which authorizes the dismissal of claims for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test the legal sufficiency of the complaint, not the merits of the lawsuit. *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A court may grant a Rule 12(b)(6) motion to dismiss only if a complaint lacks "enough

8

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint sufficient on its face need not give "detailed factual allegations," but it must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555. The court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007).

### A. Trade Dress Infringement

Count III asserts a claim for trade dress infringement pursuant to 15 U.S.C. § 1125(a)(1)(A). Trade dress "is essentially [the] total image and overall appearance" of a product, and "may include features such as size, shape, color or color combinations, texture, graphics, or even particular sales techniques." *Two Pesos, Inc. v. Taco Cabana, Inc.,* 505 U.S. 763, 764 n. 1 (1992); *see also Incredible Techs., Inc. v. Virtual Techs., Inc.*, 400 F.3d 1007, 1015 (7th Cir. 2005) ("The term trade dress refers to the 'appearance of a product when that appearance is used to identify the producer.'") (quoting *Publications Int'l, Ltd. v. Landoll, Inc.*, 164 F.3d 337, 338 (7th Cir. 1998)). A product's unregistered trade dress is protected from infringement. 15 U.S.C. § 1125(a); *Bretford Mfg., Inc. v. Smith Sys. Mfg. Corp.,* 419 F.3d 576, 578–579 (7th Cir. 2005). To state a plausible claim for trade dress infringement, a plaintiff must plead sufficient facts to show that its trade dress is nonfunctional,[3] has acquired secondary meaning, and that a

---

[3] "'Functional' means not simply that the feature serves a function, but that the feature is necessary to afford a competitor the means to compete effectively." *Schwinn Bicycle Co. v. Ross*

likelihood of confusion exists between its trade dress and the defendants' trade dress. *Forest River, Inc. v. Winnebago Indus., Inc.*, 3:15-cv-609-RLM-MGG, 2017 WL 590245, (N.D. Ind. Feb. 14, 2017) (citing *Incredible Techs.*, 400 F.3d at 1015).

Plaintiff's primary allegations regarding the elements of its trade dress are found in paragraph 54 of the First Amended Complaint:

> The protectable trade dress elements include at least the shape and design of the plastic panels of the ankle brace, the shape, design, and position of the indentations and markings on the exterior of the ankle brace, and the shape, design and position of the indentations and markings on the interior of the ankle brace, all of which comprise non-functional design elements and serve as an indication of source. Specifically, the trade dress comprises at least the shape of the rounded triangular shaped indentations on the rear of the exterior of both the upper and lower portions of the [Plaintiff's] Product, the curvilinear outline of both the upper and lower portions of the [Plaintiff's] Product, and the shape of the rounded triangular shaped indentations on the interior of the lower portion of the [Plaintiff's] Product.

The First Amended Complaint also includes photographs of Plaintiff's and Defendants' products side by side. (Am. Compl. ¶¶ 52, 56). Although these allegations are somewhat vague, they are sufficient—in view of the photographs—to put Defendants on notice of what Plaintiff believes is protected. Plaintiff has therefore stated a plausible claim for relief. Defendants' motion to dismiss Count III is **DENIED**.

### B. Unfair Competition

Count IV asserts a claim for unfair competition pursuant to 15 U.S.C. § 1125(a)(1)(A). To state a plausible claim, "a plaintiff must show (1) that its trade

---

*Bicycles, Inc.*, 870 F.2d 1176, 1188 (7th Cir. 1989). Stated another way, "[a] feature is functional if it is one that is costly to design around or do without, rather than one costly to have." *Id.* at 1189. An example of a functional feature is the oval shape of a football. *Id.* at 1188.

[dress] may be protected and (2) that the relevant group of buyers is likely to confuse the alleged infringer's products or services with those of plaintiff." *Dynamic Fluid*, 790 F.Supp.2d at 738. Defendants move to dismiss this claim because it is duplicative of Plaintiff's trade dress claim asserted in Count III.

The court agrees with Defendants. Count IV is based on the same allegations and the same statutory section as Count III. Accordingly, Defendants' motion to dismiss Count IV is **GRANTED**.

### C. Willful Infringement

Count VI asserts a claim for willful infringement. A finding of willful infringement allows for enhanced damages. 35 U.S.C. § 284. Willful infringement, then, is not a separate cause of action. The court therefore agrees with the Defendants, and their motion to dismiss Count VI is **GRANTED**.

## V. Motion to Dismiss for Lack of Supplemental Jurisdiction

Defendants move to dismiss Plaintiff's state law unfair competition claim (Count V) for lack of supplemental jurisdiction. Because Plaintiff's federal trade dress claim survives, the court has supplemental jurisdiction over this claim. 28 U.S.C. § 1367(a). Defendants' Motion to Dismiss Count V is **DENIED**.

## VI. Motion for More Definite Statement

In the alternative, Defendants move for a more definite statement under Federal Rule of Civil Procedure 12(e) because, they contend, the First Amended Complaint does not sufficiently distinguish between the Defendants to allow for a response. Rule 12(e) provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

The First Amended Complaint identifies J.B. Sports as "JBS," Araujo as "JCA" and John Doe Manufacturers as "Doe" and identifies them collectively as "Defendants." Plaintiff sufficiently identified the Defendants and identified the acts attributable to each Defendant. As such, it is sufficient for Plaintiff to prepare a responsive pleading.

## VII. Conclusion

Accordingly, Defendants' Motion to Dismiss (Filing No. 33) is **GRANTED in part** and **DENIED in part**. It is **GRANTED** with respect to Plaintiff's patent infringement claims (Counts I, II, VI, and VII) and Lanham Act unfair competition claim (Count IV) and **DENIED** with respect to Plaintiff's Lanham Act trade dress and state law unfair competition claims (Counts III and V). Defendants' alternative motion for more definite statement is **DENIED**.

**SO ORDERED** this 1st day of March 2019.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.